CHIEF JUSTICE TURNAGE,
dissenting.
*335 ¶38 I respectfully dissent.
¶39 As found by the District Court, based on documents and facts stipulated by parties, on June 20,1995, Chinook Police Officer Mark Weber received a call from the Blaine County Sheriff’s Office dispatcher. Officer Weber was told by the dispatcher that a certain named citizen had reported a drunk driver — older male, very drunk, driving an old pickup blue in color with license 12T-249G. He was further informed by the dispatcher that the driver had just left the C-Store westbound on Highway #2. Officer Weber thereafter observed a group of vehicles westbound on Highway #2. He, believing that the vehicle bearing license number 12T-249G was in a group of westbound vehicles, activated the top lights and accelerated to catch the vehicles. He caught up with the west bound vehicles on Highway #2 and observed within this group an old blue pickup with license 12T-249G.
¶40 Officer Weber followed the vehicle off Highway #2 onto a gravel road and subsequently stopped the vehicle, resulting in the arrest of Williamson and his being charged with the offense of driving under the influence of alcohol.
¶41 The findings of the District Court in part state:
In this case, at the time of the stop of Defendant, Officer Weber was armed with knowledge of a private citizen’s report given at 12:50 P.M. of a “drunk ... very drunk” driver in an older model blue pickup having license number 12T-249G seen initially within the Chinook city limits and now heading west out of Chinook on Highway #2. This information was corroborated with Weber’s personal observation nine minutes later (at 12:59 P.M.) of an older model blue pickup with this same license number traveling west on Highway #2 within a few miles of the city limits. In his observations, Weber was able to confirm significant parts of this private citizen’s report, i. e., general vehicle description, license number, direction of travel, location of travel and close proximity in time to initial observation by private citizen.
It is this private citizen’s information together with the corroborating personal observations of Weber that provide probable cause for the stop and subsequent arrest of Defendant.
As stated, Officer Weber did make corroborating personal observations of presumptively reliable private citizen-based informa *336 tion. With this corroborating observation, it makes little sense that Officer Weber should have waited to observe additional corroborating information, such as erratic driving behavior or intoxication by Defendant, prior to stopping Defendant. To do so would have defeated the very purpose of Montana’s criminal statutes pertaining to drinking and driving.
As stated in McDole, Montana’s criminal traffic statutes are intended to limit injury to persons or property. “If the police officer had not arrested (the defendant), it is quite possible that he might have commenced driving again in his intoxicated condition and critically injured himself or others.” McDole, 226 Mont. at 173, 734 P.2d at 686. Likewise, if Officer Weber would have waited to personally observe erratic driving or intoxication, it is equally possible that Defendant would have subjected himself or others to critical injury.
Officer’s [sic] Weber’s stop in this case is consistent with the policy of this State to remove suspected drunk drivers from the roads as soon as possible. In conclusion, an officer outside of his jurisdiction can find probable cause to make a stop and arrest based upon information obtained from a private citizen informant and observations of the officer tending to confirm the reliability of the information. In the case such as this proceeding where the information alleges “drunk” driving, personal observation of the suspect’s driving or intoxicated condition may constitute corroboration but such observation is not required where other independent observation tends to confirm the reliability of the citizen-provided information. Under these circumstances, the inherent risk of critical injury to persons or property by allowing the suspected drunk driver to continue to stay on the roads supports an immediate stop and arrest.
I agree with the findings of the District Court.
¶42 The report of the private citizen is not only presumptively reliable, but the citizen was an accurate observer of the condition of Williamson, whose subsequent blood alcohol test after his arrest showed .225. This is 125 percent more than the minimum amount sufficient to establish presumptive driving while intoxicated. The citizen informant was not only presumptively reliable, but also an accurate observer of an intoxicated person.
¶43 The majority opinion states: “Probable cause to arrest is established if the facts and circumstances within an officer’s personal knowledge, or related to the officer by a reliable source, are sufficient *337 to warrant a reasonable person to believe that someone is committing or has committed an offense.” Based on this standard, Officer Weber unquestionably had probable cause to arrest Williamson. Most certainly, the citizen informant’s information was sufficient to establish underlying circumstances and the basis of the citizen’s knowledge that an offense was being committed. The citizen personally observed the intoxicated condition of Williamson, his entry into the blue pickup truck, the truck’s license number and Williamson’s driving it away.
¶44 The majority opinion would require Officer Weber to abandon the pursuit and arrest of a drunk driver in order to make inquiries in and about Chinook to avoid the possibility of a mistake. There was no mistake made in this case by Officer Weber. The majority opinion that Officer Weber had nothing more than a suspicion that the driver was under the influence of alcohol is simply not correct.
¶45 I would affirm.